488 P.3d 1081
In Re The PEOPLE of the State of Colorado, Plaintiff,
v.Jaylen RAINEY, Defendant.
Supreme Court Case No. 20SA422 Supreme Court of Colorado.
June 14, 2021
Attorneys for Plaintiff: Beth McCann, District Attorney, Second Judicial District, Richard F. Lee, Deputy District Attorney, Denver, Colorado
Attorneys for Defendant: LFM Defense, Lisa Fine Moses, Greenwood Village, Colorado
En Banc
JUSTICE SAMOUR delivered the Opinion of the Court. ¶1 Just last term, we decided in Allman v. People that a district court lacks authority under our general sentencing statutes to sentence a defendant to prison for one offense and to probation for another in a multi-count case. 2019 CO 78, ¶ 28, 451 P.3d 826, 833. But in People v. Manaois, one of the two lead companion cases we announce today, we conclude that Allman's prison-probation sentencing prohibition, while alive and well, is inapplicable in certain instances. People v. Manaois, 2021 CO 49, ¶ 5, ––– P.3d ––––. Specifically, Manaois teaches that the rule of Allman doesn't apply in multi-count cases where a defendant receives: (1) a prison sentence for a non-sex offense; and (2) a consecutive probation sentence for a "sex offense" pursuant to the Sex Offender Lifetime Supervision Act ("SOLSA"), requiring participation in Sex Offender Intensive Supervision Probation ("SOISP"). Id. The question we confront in this original proceeding is whether Manaois 's ruling extends to a case where the defendant receives a prison sentence for a non-sex offense and a consecutive probation sentence for an offense that does not qualify as a "sex offense" but that nevertheless falls within SOLSA's scope and requires participation in SOISP.1 For the reasons we articulate in detail in the second lead companion case we announce today, People v. Keen , 2021 CO 50, ––– P.3d ––––, which we summarize here, we answer yes. ¶2 Following in Keen's footsteps, we draw guidance from Manaois and SOLSA's legislative history and hold that Allman does not prohibit courts from sentencing a defendant in a multi-count case to prison for a non-sex offense followed by SOISP for another offense — regardless of whether the latter is a sex offense requiring an indeterminate sentence or a sex-related offense requiring a determinate sentence. Id. at ¶¶ 22 -31. So long as the probation sentence in that scenario falls within the confines of SOLSA (as does every SOISP sentence), Allman's sentencing restriction is inapplicable. Id. at ¶ 2. ¶3 In this case, the defendant, Jaylen Rainey, received a prison sentence for a non-sex offense and a consecutive determinate sentence to SOISP for a sex-related offense. We conclude that Allman's sentencing prohibition does not apply and that the consecutive prison-SOISP sentences imposed on Rainey were legal.
¶4 Because the district court agreed with Rainey's postconviction contention that Allman rendered his sentences illegal and necessitated a resentencing hearing, it erred. Therefore, we make absolute the rule to show cause we issued in response to the People's C.A.R. 21 petition invoking our original jurisdiction. We remand for further proceedings consistent with this opinion.
I. Facts and Procedural History
¶5 Rainey forced his girlfriend's twelve-year-old daughter to perform oral sex on himital in the living room of the child's home. The People charged him with sexual assault on a child ("SAOC"), a class 4 felony sex offense governed by SOLSA that requires an indeterminate sentence. But they offered him a plea bargain he ultimately accepted. Pursuant to the parties' agreement, Rainey pled guilty to child abuse (a class 4 felony non-sex-offense) and attempted SAOC (a class 5 felony sex-related offense governed by SOLSA that does not require an indeterminate sentence). The district court accepted Rainey's guilty pleas and sentenced him, in accordance with the parties' agreement, to six years in prison for child abuse to be followed by ten years of SOISP for attempted SAOC.
¶6 Rainey discharged his prison sentence and then commenced his SOISP sentence. But he subsequently filed a motion pursuant to Crim. P. 35(a) challenging the legality of his sentences based on our decision in Allman. He argued that the district court had lacked authority to impose consecutive prison-probation sentences in a single case. The People opposed Rainey's challenge, but to no avail. After carefully considering the parties' arguments, the district court sided with Rainey and declared his consecutive prison-probation sentences illegal under Allman.
¶7 As part of its ruling, the district court considered People v. Ehlebracht , 2020 COA 132, 480 P.3d 727, a case involving the legality of consecutive prison-SOISP sentences. A division of the court of appeals concluded there that because the probationary sentence implicated "was imposed under SOLSA, a unique sentencing scheme emphasizing sex offender specific objectives, Allman [didn't] apply." Id. at ¶ 2, 480 P.3d at 730. But the district court here determined that Ehlebracht was inapposite because that case dealt with a prison sentence for a non-sex offense and a consecutive sentence to indeterminate SOISP for a sex offense. By contrast, Rainey had received a prison sentence for a non-sex offense and a consecutive sentence to determinate SOISP for a sex-related offense. Viewing Ehlebracht as carving out a narrow exception —one limited to cases including an indeterminate SOISP sentence for a sex offense —the district court held that Allman controlled.
¶8 In light of its ruling, the district court instructed counsel to schedule a resentencing hearing. They did so. Before the resentencing hearing, however, the People timely sought our intervention pursuant to C.A.R. 21. For the reasons we set forth next, we chose to exercise our original jurisdiction and issued a rule to show cause.
II. Original Jurisdiction ¶9 Whether to exercise our original jurisdiction under C.A.R. 21 is a matter wholly within our discretion. C.A.R. 21(a)(1). In exercising that discretion, however, we recognize that C.A.R. 21 is narrow in scope — it provides "an extraordinary remedy that is limited in both purpose and availability." People v. Lucy, 2020 CO 68, ¶ 11, 467 P.3d 332, 335 (quoting People v. Rosas, 2020 CO 22, ¶ 19, 459 P.3d 540, 545 ). Thus, in the past, we have exercised our original jurisdiction in limited circumstances, such as "when an appellate remedy would be inadequate, when a party may otherwise suffer irreparable harm, or when a petition raises issues of significant public importance that we have not yet considered." Id. (quoting Rosas, ¶ 19, 459 P.3d at 545 ). ¶10 The People assert that this is an appropriate case for exercise of our original jurisdiction both because they have no other adequate remedy and because their petition raises issues of significant public importance that we have never considered and that are likely to recur. We agree on both scores.
¶11 First, were we to deny the People's petition, Rainey's sentences would be altered. Instead of prison-probation sentences, he'd serve two prison sentences or two probation sentences. Of course, the People could appeal after the resentencing hearing. But resolution of that appeal might take years. And, by then, we may not be able to reinstate Rainey's original sentences.
¶12 Second, the People's petition presents a novel question of significant public importance: Does the prison-probation sentencing restriction in Allman apply where a defendant receives a prison sentence for a non-sex offense and a consecutive determinate SOISP sentence for a sex-related offense? And the question will undoubtedly come up again —in point of fact, today we resolve the same question in Keen and one other case.2 Under these circumstances, waiting to act would foster uncertainty and do a disservice to our district courts and the court of appeals, not to mention Coloradans in general.
¶13 Because we agree with the People that exercise of our original jurisdiction is warranted, we proceed to decide whether the sentences imposed on Rainey were illegal. We stray from that path briefly now, though, to set forth the controlling standard of review.
III. Standard of Review ¶14 Whether a district court has the authority to impose a particular sentence is a question of statutory interpretation. Allman , ¶ 29, 451 P.3d at 833. We review questions of statutory interpretation de novo. Id.
IV. Analysis
¶15 The question we are called upon to answer is whether Allman's prison-probation sentencing prohibition extends to multi-count cases involving a prison sentence for a non-sex offense and a consecutive SOISP sentence for a sex-related offense. We answer in the negative.
¶16 For the reasons we discuss in detail in Keen, our decision in Manaois and SOLSA's legislative history compel us to hold that Allman doesn't prohibit courts from sentencing a defendant in a multi-count case to prison for a non-sex offense followed by SOISP for another offense. Keen, ¶¶ 22-31. For our purposes, it matters not whether the SOISP sentence imposed in that scenario is for a sex offense (and thus indeterminate) or for a sex-related offense (and thus determinate). Id. at ¶ 19.3 ¶17 Therefore, we conclude that Allman's sentencing prohibition does not apply in this case and that the district court was authorized to impose a prison sentence for a non-sex offense followed by a determinate SOISP sentence for a sex-related offense. Because the district court determined otherwise, it erred.
V. Conclusion
¶18 Applying our holding in Keen, we conclude that Allman's prison-probation sentencing prohibition, while continuing to be good law, does not apply in this case. It follows that Rainey's sentences were not rendered illegal by Allman. We therefore make the rule absolute and remand for further proceedings consistent with this opinion.4 CHIEF JUSTICE BOATRIGHT dissents, and JUSTICE HART joins in the dissent.
CHIEF JUSTICE BOATRIGHT, dissenting.
¶19 As I explain in greater depth in my dissents to People v. Manaois, 2021 CO 49, ––– P.3d –––– (Boatright, C.J., dissenting), and People v. Keen, 2021 CO 50, ––– P.3d –––– (Boatright, C.J., dissenting), I would follow Allman v. People, 2019 CO 78, 451 P.3d 826, in this case and hold that, when a court sentences a defendant for multiple offenses in the same case, it may not impose imprisonment for some offenses and Sex Offender Intensive Supervised Probation ("SOISP") for others. Accordingly, I respectfully dissent.
¶20 Here, the defendant, Rainey, pled guilty to child abuse and attempted sexual assault on a child. The terms of the plea agreement, which the trial court imposed, recommended six years in prison on the child abuse charge, followed by a ten-year period of SOISP on the attempted sex assault on a child charge. The trial court correctly determined, therefore, that Rainey pled guilty under the terms of a plea agreement that recommended an illegal "prison-plus-SOISP" sentence. I would further direct the trial court to vacate Rainey's guilty plea as invalid on those grounds. Hence, I would discharge the rule to show cause.
I am authorized to state that JUSTICE HART joins in this dissent.
1 SOLSA encompasses any "sex offense," as that term is defined in section 18-1.3-1003(5), C.R.S. (2020). In one of the final drafts of SOLSA, however, the legislature removed from the definition of "sex offense" some sex-related offenses to insulate them from mandatory indeterminate sentencing. Yet, critically, the legislature kept such offenses within SOLSA's ambit by adding explicit references to them in other provisions, including those addressing the treatment and level of supervision required on probation and parole. Though these offenses are technically non-sex offenses (as they're not included in the definition of "sex offense"), we call them "sex-related offenses" in this opinion because they come under SOLSA's umbrella; when we use the term "non-sex offenses," we mean offenses that are completely outside SOLSA's purview.
2 See People v. Coleman, 2021 CO 52, ––– P.3d ––––. We also contemporaneously announce People v. Lowe, 2021 CO 51, ––– P.3d ––––, which raises essentially the same question we address in Manaois.
3 In Keen, the crime of violence statute, section 18-1.3-406, C.R.S. (2020), offered an independent basis to uphold the challenged sentences. Keen, ¶¶ 36-39. Inasmuch as Rainey did not plead guilty to a crime of violence, section 18-1.3-406 is immaterial to our analysis here. Hence, we do not rely on our discussion in Keen related to the crime of violence statute.
4 Given this resolution, we do not address the parties' contentions regarding the proper remedy to correct illegal sentences under the circumstances present here.